UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN C.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGANO, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 4:24-cv-00396-BLW-REP<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## INTRODUCTION

This is a social security case in which the Plaintiff appeals the Commissioner's denial of her application for social security disability income. This matter is before the Court on United States Magistrate Judge Raymond E. Patricco's Report & Recommendation (Dkt. 23) and the Plaintiff's Objection (Dkt. 24). For the reasons explained below, the Court will overrule the Objection and adopt the Report & Recommendation in its entirety.

## BACKGROUND[1]

---

[1] The factual and procedural background are detailed more fully in the Report & Recommendation, which the Court adopts in full.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

The Plaintiff filed an application for social security disability income, which was initially denied. A.R. at 15, Dkt. 13. She then applied for reconsideration and a hearing in front of an ALJ, who issued a decision that was unfavorable to the Plaintiff. *Id.* at 15–25. She appealed the decision to the Appeals Council, who denied her request. *Id.* at 1–6. She then filed the present action.

The Plaintiff's petition raises a single point of error: that the ALJ improperly evaluated the opinion of the examining psychologist, Dr. Jeffrey Elder. The ALJ's evaluation of Dr. Elder's opinion included the following:

> In January 2023, the psychological consultative examiner Jeffrey Elder, Ph.D. opined that the claimant generally did not have limitations, except she would have limitations in persisting and attention depending on the task. I find this partially persuasive. To the extent Dr. Elder opines that the claimant has no more than mild limitations, this portion of his opinion is supported by his examination of the claimant. Specifically, the abnormal findings were limited to blunted affect, depressed mood, slowed and monotonous speech, sporadically circumstantial thought process but ability to self-correct without support, and slowed motor activity. Otherwise, the claimant was open and cooperative; rapport was easily established and maintained; eye contact was normal; attention and concentration were reasonable; she maintained the topic of conversation without redirection or support; she displayed good social skills; she engaged in the natural give and take of conversations; and she appeared to have good insight into her situation. She also scored 30 out of 30 on the Saint Louis Mental Status Examination. However, to the extent Dr. Elder opines that the claimant had moderate limitations, this portion of his opinion is inconsistent with the mostly normal findings on examination. This portion of his opinion is also inconsistent with the overall record. As discussed above, the claimant did not require emergent or inpatient treatment for any mental impairment, she did not require ongoing changes to her medication regimen, the treatment notes do not reveal ongoing abnormal psychiatric signs, and she was able to

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

perform a wide range of activities of daily living.

*Id.* at 27–28.

Judge Patricco concluded the ALJ's decision was supported by substantial evidence and recommended this Court affirm the Commissioner's denial of benefits. The Plaintiff has filed an objection to that recommendation, suggesting that Judge Patricco erred in reaching this conclusion.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. In this case, the Commissioner filed an objection and the Court has conducted a de novo review of those portions of the Report as well as the record in this matter.

## ANALYSIS

The Plaintiff raises a single objection to the Report & Recommendation: that the Judge Patricco incorrectly concluded that that ALJ properly considered the supportability and consistency of Dr. Elder's opinion. First, as to supportability,

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

the Plaintiff argues that "both the Magistrate Judge and the ALJ overlook [Dr. Elder's] observations as a source of medical evidence supporting [the Plaintiff's] moderate limitations." *Objection* at 2, Dkt. 24. The Court disagrees.

For one, it plain from the ALJ's decision that he did not overlook Dr. Elder's observations as he explicitly considered them and found them partially persuasive. Moreover, the Court can "disturb the Commissioner's decision to deny benefits 'only if [that decision] is not supported by substantial evidence or based on legal error.'" *Trechler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is not a demanding standard, and this threshold is clearly met in this case.

Here, the ALJ concluded that Dr. Elder's opinions were partially persuasive. More specifically, he concluded that Dr. Elder's opinion that the Plaintiff "has no more than mild limitations" was persuasive. The ALJ noted that Dr. Elder's findings were generally normal and the only abnormal findings were "blunted affected, depressed mood, slowed and monotonous speech, sporadically circumstantial thought process but ability to self-correct without support, and

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**

slowed motor activity." A.R. at 23, Dkt. 13. The ALJ concluded these findings supported Dr. Elder's conclusion that the Plaintiff had no more than mild limitations, but it did not support his opinion that the Plaintiff had moderate limitations. *Id.* at 24.

These findings are supported by substantial evidence as "a reasonable mind might accept" this evidence to support the conclusion that Dr. Elder's opinions are partially persuasive. *Richardson*, 402 U.S. at 401. The Plaintiff's arguments center on her disagreement with the ALJ's conclusion rather than any basis to reverse that determination. Certainly, another ALJ could reach a different conclusion, however, that is not the relevant standard.

The same is true with respect to the Plaintiff's argument that the ALJ's consistency determination was unreasonable. She argues that the Report and Recommendation errs by concluding that the ALJ identified adequate evidence to support his consistency determination. The ALJ concluded that Dr. Elder's opinion that the Plaintiff had moderate limitations was "inconsistent with the overall record [as] the claimant did not require emergent or inpatient treatment for any mental impairment, she did not require ongoing changes to her medication regimen, the treatment notes do not reveal ongoing abnormal psychiatric signs, and she was able to perform a wide range of activities of daily living." A.R. at 24, Dkt. 13.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 5**

At most, Plaintiff seems to be arguing for a more favorable reading of the record. Again, "substantial evidence" requires only enough evidence such that a "a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. That standard is met here and the existence of other evidence in the record that supports Plaintiff's interpretation of the record does not change that result. Indeed, as Judge Patricco aptly stated, "[t]he existence of an alternative reading of the record. . . does not justify relief on appeal." Dkt. 23 at 11. Accordingly, the Court will overrule the Plaintiff's objection and adopt the Report and Recommendation in full.

## ORDER

**IT IS ORDERED that:**

1. The Plaintiff's Objection to the Report and Recommendation (Dkt. 24) is **OVERRULED**.

2. The Report and Recommendation (Dkt. 23) is **INCORPORATED** and **ADOPTED** in its entirety.

3. The Commissioner's decision is **AFFIRMED**, the Petitioner's Petition for Review (Dkt. 1) is **DENIED**, and this action is **DISMISSED** in its entirety **with prejudice**.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 6**



DATED: September 5, 2025

_____
B. Lynn Winmill
U.S. District Court Judge